**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doreene Watson, et al., | No. CV-20-08026-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Federal National Mortgage Association, et al., | |
| Defendants. | |

Pending before the Court is Defendants Federal National Mortgage Association, Bank of America, N.A., BAC Home Loans Servicing, LP (together, "BofA"), and Recontrust Company's ("Defendants") Motion to Dismiss. (Doc. 9). Plaintiffs have responded, (Doc. 12), and Defendants have replied, (Doc. 15). The Court now rules on the motion.

**I.      BACKGROUND**

This case arises out of a dispute over a mortgage on certain real property in Apache County, Arizona (the "Property"). In December 2005, Plaintiffs[1] obtained a $40,000 loan using the Property as collateral (Doc. 1-3 at 2–3). The original lender later transferred the loan to BofA. (*Id.* at 3).

Thereafter, Plaintiffs failed to make two monthly payments. (*Id.* at 3–4). When they attempted to get current on their loan obligations, BofA apparently returned the payment

---

[1] Plaintiffs in this case are Doreene Watson and the estate of her late husband, Roger Watson. For ease of reference, and unless otherwise stated, the Court will use "Plaintiffs" to refer to the couple collectively, including for Roger Watson while he was still alive.

because "the amount had not been . . . full or correct." (*Id.* at 4). In the ensuing months, Plaintiffs tried to learn what the correct amount was, as well as pay what they thought they owed, but their efforts met no success. (*Id.* at 4–5). Soon after Plaintiffs' second unsuccessful attempt to pay, Defendant Recontrust Company recorded a Notice of Trustee's Sale on the Property in the Apache County Recorder's office, with a return address for BofA. (*Id.* at 5). Plaintiffs maintain that, several months later, BofA finally provided them with a reinstatement calculation that was only "good through" three days from when Plaintiffs received it. (*Id.*).

Plaintiffs attempted to pay that amount at a local BofA branch, but BofA refused to accept. (*Id.*). A BofA representative allegedly told Plaintiff Doreene Watson that she had around one more month to pay without explaining that the "amount would . . . increase[] significantly." (*Id.* at 6). Plaintiffs waited until the date the representative gave them and tendered the original reinstatement amount to BofA, but BofA declined it because the reinstatement amount had risen since Plaintiffs' last attempt to pay. (*Id.*).

A trustee's sale took place soon after. (*Id.*). Plaintiffs and BofA, however, began discussing a possible resolution of Plaintiffs' default and the sale was rescinded. (*Id.* at 7–8). Plaintiffs sought to modify their loan obligations but were never able to ascertain how to do so. (*Id.* at 7–10). Despite ongoing negotiations, Defendants foreclosed on the Property, allegedly without notice to Plaintiffs. (*Id.* at 10–11).

## II.     RES JUDICATA

Defendants argue that Plaintiffs' claims must be precluded because Plaintiffs have filed this identical complaint against the same defendants thrice before and, each time, the case was either voluntarily or involuntarily dismissed. (Doc. 9 at 7). Plaintiffs argue in response that, given the absence of discovery and a trial in prior proceedings, their claims are not precluded. (Doc. 13 at 4).

A final judgment's preclusive effect is governed by the doctrines of "claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). When an earlier suit involving the same parties (or

their privies) reached a final judgment on the merits, claim preclusion forecloses successive litigation of the same claim. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Preclusion doctrine, and claim preclusion in particular, serves to further private litigants' important interest in repose. *Clements v. Airport Auth.*, 69 F.3d 321, 330 (9th Cir. 1995); 18 Charles Alan Wright & Edward H. Cooper, *Federal Practice and Procedure* § 4403 (Apr. 2020 Update) ("The deepest interests underlying the conclusive effect of prior adjudication draw from the purpose to provide a means of finally ending private disputes. The central role of adversary litigation in our society is to provide binding answers.").

This is the fourth time that Plaintiffs have filed this identical complaint. Defendants removed each prior case to this district and, each time, the case was dismissed. In the first action, the Court dismissed the case without prejudice after Plaintiffs failed to serve Defendants with summons under Federal Rule of Civil Procedure ("Rule") 4(m). Order, *Watson v. Fed. Nat'l Mortg. Ass'n*, No. 18-08095, (D. Ariz. July 10, 2018), ECF No. 9. In the second case, Plaintiffs voluntarily dismissed their complaint. Order, *Watson v. Fed. Nat'l Mortg. Ass'n*, No. 18-08237, (D. Ariz. Feb. 12, 2019), ECF No. 16. In the third action, Plaintiffs failed to respond to Defendants' Motion to Dismiss, which the Court deemed as consent to the granting of the motion under this district's local rules. Order, *Watson v. Fed. Nat'l Mortg, Ass'n*, No. 19-08190, (D. Ariz. Aug. 6, 2019), ECF No. 11 (citing LRCiv. 7.2(i)). It is beyond dispute that these cases concerned the same parties litigating the same claim, the question is whether there has been a "final judgment on the merits" that precludes successive litigation of this claim.

The United States Supreme Court's opinion in *Semtek International Inc. v. Lockheed Martin Corp.*, teaches that federal common law answers such questions. 531 U.S. 497, 508 (2001). When the judgment-entering federal court sits in diversity, federal common law may incorporate the law of the state where that court sits. *Id.* But federal common law does not incorporate state law where, as here, the judgment-entering court rested its decision exclusively on federal procedural grounds. *See Tuitama v. Bank of Am., NA*, 552 F. App'x 881, 883 (11th Cir. 2014) (dismissal based on failure to prosecute); *see*

*also Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 679 (5th Cir. 2003) (dismissal based on *forum non conveniens*). Thus, the Court relies exclusively on federal preclusion law to answer this question.

Defendants point to the third dismissal of this complaint, noting that because the order did not "state[] otherwise" it is deemed to be an "adjudication on the merits" under Rule 41(b). (Doc. 9 at 7). *Semtek* also teaches that Rule 41(b) is not always dispositive for claim preclusion purposes. 531 U.S. at 503. "Without reliance on the text of Rule 41(b)," federal law nevertheless "clearly dictates" that dismissals based on the kind of failure to prosecute that Plaintiffs have repeatedly exhibited whenever this complaint has been removed to federal court are entitled to claim-preclusive effect. *See Tuitama*, 552 F. App'x at 884 (collecting cases); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001); *TD Optical Design, Ltd. V. DAC Int'l, Inc.*, No. CV 17-8616-MWF (PLAx), 2018 WL 6307897, at *5 (C.D. Cal. Mar. 30, 2018); *Tuitama v. Nationstar Mortg. LLC*, No. CV 14-9956 MMM (AGRx), 2015 WL 12744269, at *8 (C.D. Cal. Apr. 13, 2015); *Lee v. Arizona*, No. CV 10-8135-PCT-JAT, 2011 WL 2580400, at *8 (D. Ariz. June 29, 2011); *see also Kellogg v. Wilson*, No. 17-cv-00353-BAS-AGS, 2017 WL 1400170, at *3 (S.D. Cal. Apr. 19, 2017) ("[W]hen a party has completely failed to respond to a motion without good cause, granting a motion . . . may be considered a determination 'on the merits[]' . . . because [it] is construed as consent to the granting of the motion on the grounds pleaded." (citation omitted)).

Given the procedural history of this case, the policy interests underlying preclusion doctrine, such as judicial economy and the Defendants' interest in repose, fully support this outcome. Restatement (Second) of Judgments, § 19 cmt. a (Am. Law Inst. Oct. 2019 Update) (explaining that these considerations may justify imposing an end on a particular controversy "even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding, or has deliberately flouted orders of the court"); *see also* 18A Wright & Cooper, *supra*, at § 4440 (explaining that, to promote "compliance with proper procedure[,]

. . . penalty dismissals often should preclude a second action on the same claim"). Indeed, Plaintiffs' failure to respond to the motion to dismiss belies any contention that they have never had a full and fair *opportunity* to litigate this case. *Cf. Jones v. Lawson*, No. 4:18CV77-WS/CAS, 2018 WL 2927844, at *2–3 (N.D. Fla. May 21, 2018), *adopted by* 2018 WL 2927779 (N.D. Fla. June 7, 2018). Put simply, Plaintiffs have sought to avoid litigating this case in federal court each time it has been removed, not by arguing for a remand to state court, but through various forms of nonparticipation. If preclusion doctrine means anything, it means that these efforts must now come to an end.

Accordingly, the Court finds that res judicata bars Plaintiffs' claim for relief.

## III. CONCLUSION

Based on the foregoing,

IT IS ORDERED that fictional defendants John and Jane Does 1-10 and XYZ Corporations I-X are DISMISSED.[2]

IT IS FURTHER ORDERED that Defendants Federal National Mortgage Association, Bank of America, N.A., BAC Home Loans Servicing, LP and Recontrust Company's Motion to Dismiss Plaintiffs' Complaint (Doc. 9) is GRANTED as to all named defendants in this case.[3] The Clerk of the Court shall enter judgment in favor of Defendants and against Plaintiffs.

Dated this 17th day of April, 2020.

_____
James A. Teilborg
Senior United States District Judge

---

[2] *See, e.g.*, Fed. R. Civ. P. 10(a); *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969); *Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 686–87 (9th Cir. 1956).

[3] *Abigninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").